## ORAL ARGUMENT NOT SCHEDULED

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN PUBLIC GAS ASS'N, Petitioner, v. UNITED STATES DEPARTMENT OF ENERGY, et al., Respondent. ———— AIR CONDITIONING CONTRACTORS OF AMERICA, et al., Intervenors. | No. 11-1485 |

## JOINT MOTION OF ALL PARTIES AND INTERVENORS
## TO VACATE IN PART AND
## REMAND FOR FURTHER RULEMAKING

Pursuant to FRAP 27 and this Court's Circuit Rule 27, all parties and

intervenors hereby jointly move this Court to enter an order that resolves

the litigation in all respects.  This joint motion supersedes all pending

motions, which the parties and intervenors agree should be deemed

withdrawn or rendered moot by the relief requested in this motion.  The

parties and intervenors respectfully request that the Court vacate in part the rule under review in this case and remand to respondent Department of Energy (DOE) for notice-and-comment rulemaking concerning the vacated portion of the rule, as well as other administrative proceedings. The reasons for this motion, and the details of the parties' request, are set forth below.

The parties and intervenors have engaged in settlement negotiations, which have led to agreement on the terms of a settlement described herein. As concerns the rule under review, the dispositive term of settlement calls for the parties jointly to move this Court for an order vacating the rule in part and remanding for further rulemaking by DOE. Specifically, the parties and intervenors hereby request that the Court enter an order that:

> (1) vacates the direct final rule, 76 Fed. Reg. 37408 (June 27, 2011), and notice of effective date, 76 Fed. Reg. 67037 (Oct. 31, 2011), as they relate to energy conservation standards for non-weatherized gas furnaces, including but not limited to DOE's determination that such furnaces constitute a single class of products for purposes of 42 U.S.C. §§ 6295(q)(1)(B), 6295(o)(4); and (2) remands to DOE for notice and comment rulemaking in accordance with the Energy Policy and Conservation Act (EPCA).

In addition, the parties and intervenors have agreed that DOE will, following entry of the foregoing order, issue two enforcement statements and pursue related rulemaking, as described below.

## STATEMENT

This petition for review challenges a direct final rule issued by DOE on June 6, 2011, 76 Fed. Reg. 37408 (June 27, 2011), codified in 10 C.F.R. § 430.32, which became effective following a final order – the notice of effective date – issued by DOE on October 24, 2011, 76 Fed. Reg. 67037 (Oct. 31, 2011).  Petitioner American Public Gas Association (APGA) filed its petition for review on December 23, 2011, and various entities subsequently intervened.  This Court has held proceedings in abeyance pending mediation.

The parties and intervenors have agreed on final terms of a settlement of all disputes in this case.  In the agreement, and in this motion, the term "non-weatherized gas furnaces" includes mobile home gas furnaces (other than weatherized furnaces).  See 42 U.S.C. §§ 6291(20), (22), (23), (28), 6295(f).  Energy conservation standards include the standards

governing electrical power consumption in standby and off modes, as well as the Annual Fuel Utilization Efficiency (AFUE) standards.  See 42 U.S.C. §§ 6291(20), 6295(gg).[1]

## ARGUMENT

1.     APGA has challenged the energy conservation standards for non-weatherized gas furnaces set forth in the direct final rule under review.  APGA has raised arguments concerning the substance of the standards, as well as the procedure that led to their adoption by DOE.  In light of those arguments, DOE has concluded that it is appropriate to undertake new rulemaking proceedings to consider the appropriate standards and provide an opportunity for APGA and others to offer additional comments concerning any proposed standards.

---

[1] APGA and DOE previously filed (on January 11, 2013) a joint motion to vacate in part and remand for further rulemaking.  In response to that joint motion, intervenor Heating, Air-Conditioning & Refrigeration Distributors International (HARDI) moved (on January 25, 2013) to substitute itself as a petitioner.  This Court on December 9, 2013 referred both those motions to the merits panel.  This comprehensive joint motion supersedes the earlier joint motion of APGA and DOE, which will be moot after the Court grants this new motion.  HARDI hereby withdraws its earlier motion in favor of the relief requested herein.  There is accordingly no need for the Court to address those earlier motions.

In addition, APGA and certain intervenors challenged the procedures for adopting a direct final rule (DFR), pursuant to 42 U.S.C. § 6295(p)(4). And some intervenors questioned the mechanisms for enforcement of regional energy conservation standards, pursuant to 42 U.S.C. § 6295(o)(6). Finally, some intervenors have raised concerns about the time required for compliance with the regional standards for central air conditioners, in light of the pendency of this litigation.  DOE has agreed to address those questions by issuing two enforcement statements, and by pursuing related rulemaking proceedings.

2.    Most of the steps agreed to as part of the settlement can be undertaken by DOE once this case has been dismissed, without further action by the Court, as explained below.  See *infra*, 8-12.

In one respect, however, the agreement requires an order partially vacating the rule under review.  DOE has agreed to proceed with notice-and-comment rulemaking to consider energy conservation standards for non-weatherized gas furnaces.  Such a rulemaking proceeding requires first

that the relevant portion of the rule under review – the direct final rule itself, as well as the notice of effective date – be vacated in relevant part.

The dispute between APGA and DOE concerns the standards for non-weatherized gas furnaces, and the agency's analysis and conclusions leading to the adoption of those standards.  The settlement calls for DOE to conduct notice and comment rulemaking proceedings on remand, addressing those procedures.  But the direct final rule also established energy conservation standards for other furnaces, central air conditioners, and heat pumps.  The parties and intervenors have agreed that vacatur should accordingly be limited to the portions of the direct final rule and the notice of effective date that relate to energy conservation standards for non-weatherized gas furnaces.

The contemplated rulemaking on remand would provide a forum for DOE to consider the concerns of all interested parties, including APGA.  In the course of that rulemaking proceeding, DOE and any commenters (including APGA) would not be limited by the direct final rule procedure set forth in 42 U.S.C. §  6295(p)(4)(A).  Subject to the provisions below, DOE

commits to use best efforts to issue a notice of proposed rulemaking regarding energy efficiency standards for non-weatherized gas furnaces within one year of the issuance of the remand in this case and to issue a final rule within the later of two years of the issuance of the remand or one year of the issuance of the proposed rule, including at least a ninety-day public comment period. If DOE grants a request for extension of the comment period, or if DOE determines that it requires additional time in order to conduct necessary technical analysis or to consider the comments of parties, then the period for completion of the final rule will be extended accordingly. The commitment made in this paragraph shall not be used in litigation as evidence that DOE has missed a nondiscretionary duty to issue standards for non-weatherized gas furnaces within the timeframe committed to nor unreasonably delayed executing its duty to issue such standards.

In the rulemaking on remand, DOE will make available to the public the data gathered and analyzed by the agency prior to publication of a proposed rule. DOE will endeavor to post such data as they become

available during the agency's development of a proposed rule. At a minimum, the agency will make such data available to the public within 30 days after the Office of Management and Budget receives a draft proposed rule from DOE. Following the issuance of the proposed rule, DOE will provide a comment period of at least 90 days, and DOE will follow its normal practice in notice and comment rulemaking proceedings with regard to any request for extension of the comment period.

As DOE develops the administrative record on remand for the rulemaking to set energy conservation standards for non-weatherized gas furnaces, the agency agrees at a minimum to include in that record the data gathered for the direct final rule under review in this case (in DOE Docket EERE-2011-BT-STD-0011) concerning the impact on consumers resulting from the trial standard levels considered in the Technical Support Document for that proceeding for non-weatherized gas furnaces.

3.     In addition to the furnace standards rulemaking described above, the parties and intervenors have agreed that DOE will take additional steps following disposition of this case.

8

First, DOE will issue an enforcement policy statement addressing the upcoming deadline for compliance with regional standards for central air conditioners. Beginning on January 1, 2015, a national energy conservation standard requires that all central air conditioners manufactured on or after that date must meet a minimum level of energy efficiency. See 10 C.F.R. 430.32(c)(3). Regional standards impose additional requirements for central air conditioners that are manufactured on or after January 1, 2015, and installed in the States of Alabama, Arkansas, Delaware, Florida, Georgia, Hawaii, Kentucky, Louisiana, Maryland, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, or Virginia, or in the District of Columbia, or in the States of Arizona, California, Nevada, or New Mexico. See 10 C.F.R. 430.32(c)(4)-(5).

DOE will issue, and publish on its appliance and equipment standards website, an enforcement policy statement clarifying the agency's policy for enforcing the regional standards for central air conditioners. That statement is attached to this motion as an addendum, titled "Enforcement Policy Statement: Compliance Period for Regional Standards

Applicable to Central Air Conditioners." The statement provides an 18-month period within which central air conditioners manufactured prior to January 1, 2015, may be installed notwithstanding the regional standards. The key provision of the enforcement policy statement is set forth here: Due to the uncertainty created by the litigation and in an exercise of its enforcement discretion, DOE will not seek civil penalties for violations of the regional standards applicable to central air conditioners that occur prior to July 1, 2016, provided that the violations are related to the distribution in commerce (including sales by retailers and installation) of units manufactured prior to January 1, 2015. DOE will continue to enforce the base national standard for central air conditioners and central air conditioning heat pumps.

Second, DOE will issue a separate enforcement policy statement, also published on its appliance and equipment standards website, addressing the pending enforcement rulemaking for regional standards, as well as the role of distributors. That statement is attached to this motion as an addendum, titled "Enforcement Policy Statement: Regional Standards

Enforcement Rulemaking and Distributors." The statement explains that DOE will seek to initiate a negotiated rulemaking proceeding to consider enforcement of regional standards, and also explains that based on comments received to date, DOE will not assert civil penalty authority over distributors for violation of the regional standard for central air conditioners. The key provision of the enforcement policy statement is set forth here: In recognition of 42 U.S.C. § 6302, which sets forth prohibited acts under EPCA, and in compliance with the requirement of 42 U.S.C. § 6295(o)(6)(G)(ii), DOE intends to develop an effective enforcement framework for regional standards in the context of a negotiated rulemaking by making a recommendation that the Appliance Standards and Rulemaking Federal Advisory Committee establish a working group for that purpose. DOE intends to make such a recommendation within 90 days after a judgment by this Court resolving the litigation. Moreover, after consideration of the comments received to date, DOE will not assert civil penalty authority for violation of the regional standard for central air

conditioners, as defined in 10 C.F.R. Part 430, over parties that are distributors, as defined by 42 U.S.C § 6291(14).

Third, DOE will initiate a notice and comment rulemaking proceeding to clarify its process related to the promulgation of DFRs. The parties and intervenors have negotiated a statement establishing the steps for commencing such a proceeding. That statement is attached to this motion as an addendum, titled "Plan for Clarification of DOE Direct Final Rule Process." The proceeding will specifically seek comment on three issues raised in this litigation, as well as any other issues pertaining to the DFR process, and will include the views of certain intervenors on those issues, as set forth in a letter to DOE. The purpose of the proceeding is to consider amending the DOE "process rule," which was promulgated July 15, 1996, titled "Procedures, Interpretations and Policies for Consideration of New or Revised Energy Conservation Standards for Consumer Products," and codified at Appendix A to Subpart C of Part 430, Title 10, Code of Federal Regulations.

4.      Nothing in the settlement of this litigation shall be construed to limit the rights of any party or intervenor to make any arguments it deems appropriate in the contemplated rulemaking proceedings.  The making of the settlement agreement and its acceptance or approval by this Court shall not in any respect constitute an admission by any settling party or intervenor that any allegation or contention in the proceeding below (including this appeal) is true or valid.  It is further understood and agreed that the settlement agreement – including the terms set forth in this joint motion and the addenda – constitutes a negotiated agreement and, except as explicitly set forth therein, no settling party or intervenor shall be deemed to have approved, accepted, agreed on or consented to any principle or position in this proceeding.  The settlement agreement shall not be the basis for assessing fees, expenses, or costs pursuant to any applicable federal statute. The settlement negotiations culminating in the settlement agreement are privileged and confidential and may not be used as or received in evidence in any proceeding.

## CONCLUSION

For the foregoing reasons, this Court should enter a dispositive order that:

> (1) vacates the direct final rule, 76 Fed. Reg. 37408 (June 27, 2011), and notice of effective date, 76 Fed. Reg. 67037 (Oct. 31, 2011), as they relate to energy conservation standards for non-weatherized gas furnaces, including but not limited to DOE's determination that such furnaces constitute a single class of products for purposes of 42 U.S.C. §§ 6295(q)(1)(B), 6295(o)(4); and (2) remands to DOE for notice and comment rulemaking in accordance with the Energy Policy and Conservation Act (EPCA).

Respectfully submitted,

Michael S. Raab
(202) 514-4053

 **/s/ H. Thomas Byron III**
H. THOMAS BYRON III
(202) 616-5367
   Attorneys, Appellate Staff
   Civil Division, Room 7260
   U.S. Department of Justice
   950 Pennsylvania Ave., N.W.
   Washington, D.C.  20530

MARCH 2014

The following counsel, on behalf of all parties and intervenors to this case, join in this motion:

William T. Miller, Esq.
McCarter & English, LLP
1015 15th Street, NW
Washington, DC 20005
wmiller@mccarter.com
for petitioner American Public Gas Asociation

Monica D. Gibson, Esq.
Venable LLP
575 7th Street, NW
Washington, DC 20004
mdgibson@venable.com
for intervenor Air Conditioning Contractors of America

David B. Calabrese, Esq.
Air-Conditioning, Heating and

Refrigeration Institute
2111 Wilson Boulevard, Suite 500
Arlington, VA 22201
dcalabrese@ahrinet.org
for intervenor Air-Conditioning, Heating and Refrigeration Institute

Michael D. Pepson, Esq.
Cause of Action
1919 Pennsylvania Avenue, NW, Suite 650
Washington, DC 20006
michael.pepson@causeofaction.org
for intervenor Heating, Air-Conditioning & Refrigeration Distributors
International

Benjamin Longstreth, Esq.
Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
blongstreth@nrdc.org
for intervenors Alliance to Save Energy; American Council for an Energy-
Efficient Economy; Consumer Federation of America; Massachusetts Union
of Public Housing Tenants; and Natural Resources Defense Council

Kathleen Schmid, Esq.
New York City Law Department
100 Church Street, Room 6-140
New York, NY 10007
kschmid@law.nyc.gov
for intervenor City of New York

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2014, I electronically filed the foregoing Joint Motion Of All Parties And Intervenors To Vacate In Part And Remand For Further Rulemaking by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

**/s/ H. Thomas Byron III**
H. THOMAS BYRON III

**ADDENDA**

## Enforcement Policy Statement: Compliance Period for
## Regional Standards Applicable to Central Air Conditioners
## [DATE]

On June 27, 2011, the U.S. Department of Energy (DOE) published in the Federal Register a direct final rule (DFR) under the Energy Policy and Conservation Act (EPCA), 42 U.S.C. §§ 6291-6309, which set forth amended energy conservation standards for residential furnaces, central air conditioners, and heat pumps, including regional standards for different product types in indicated States.  76 FR 37408.  The American Public Gas Association (APGA) challenged the stricter 90% Annual Fuel Utilization Efficiency standard applying to non-weatherized gas furnaces in the northern region of the United States.  A number of other entities intervened in that suit, challenging DOE's standards for air conditioners and heat pumps in addition to furnaces.

On March 11, 2014, the parties and intervenors entered an agreement to settle APGA's challenge.  Due to the uncertainty created by the litigation and in an exercise of its enforcement discretion, DOE will not seek civil penalties for violations of the regional standards applicable to central air conditioners that occur prior to July 1, 2016, provided that the violations are related to the distribution in commerce (including sales by retailers and installation) of units manufactured prior to January 1, 2015.

DOE will continue to enforce the base national standard for central air conditioners and central air conditioning heat pumps.

**Enforcement Policy Statement: Regional Standards**
**Enforcement Rulemaking and Distributors**
**[DATE]**

On June 27, 2011, the Department of Energy (DOE) published in the Federal Register a direct final rule (DFR) under the Energy Policy and Conservation Act (EPCA), 42 U.S.C. §§ 6291-6309, which set forth amended energy conservation standards for central air conditioners and heat pumps, including regional standards in certain States.  76 FR 37408.

DOE has initiated a rulemaking to consider possible approaches to enforcing regional standards for residential central air conditioners and heat pumps. DOE published a notice of data availability regarding regional standards for residential furnaces and residential central air conditioners and heat pumps. 76 FR 76328 (Dec. 7, 2011).  In the related framework document, DOE presented three approaches and stated that it was considering each of these approaches, a combination of elements in these approaches, or alternatives in response to comments from interested parties. A public meeting was held December 16, 2011.

In recognition of 42 U.S.C. § 6302, which sets forth prohibited acts under EPCA, and in compliance with the requirement of 42 U.S.C. § 6295(o)(6)(G)(ii), DOE intends to develop an effective enforcement framework for regional standards in the context of a negotiated rulemaking by making a recommendation that the Appliance Standards and Rulemaking Federal Advisory Committee establish a working group for that purpose.  DOE intends to make such a recommendation within 90 days after a judgment by the D.C. Circuit implementing this agreement.  Moreover, after consideration of the comments received to date, DOE will not assert civil penalty authority for violation of the regional standard for central air conditioners, as defined in 10 C.F.R. Part 430, over parties that are distributors, as defined by 42 U.S.C § 6291(14).

## PLAN FOR CLARIFICATION OF DOE DIRECT FINAL RULE PROCESS

In furtherance of settling the case of *American Public Gas Association v. DOE* (Case No. 11-1485), the U.S. Department of Energy (DOE) agrees to commence a notice and comment rulemaking proceeding to clarify its process related to direct final rules (DFRs)[1] by publishing a request for information (RFI) in the *Federal Register* on that topic within 180 days after a judgment by the D.C. Circuit implementing this agreement.  In that RFI, DOE will specifically invite public comment on:

(1)  When a joint statement with recommendations related to an energy or water conservation standard would be deemed to have been submitted by "interested persons that are fairly representative of relevant points of view," thereby permitting use of the DFR mechanism;

(2) The nature and extent of "adverse comments" that may provide the Secretary a reasonable basis for withdrawing the direct final rule, leading to further rulemaking under the accompanying notice of proposed rulemaking (NOPR);

(3) What constitutes the "recommended standard contained in the statement," and the scope of any resulting direct final rule; and

(4) Any other issues pertaining to the DFR process.

DOE agrees to include in that RFI and in the related NOPR material submitted by letter from the entities participating in this litigation, identified as their views on issues (1)-(3) above.  DOE further agrees to accept comment on the RFI for 60 days, after which DOE will evaluate the comments received and undertake a further notice and comment process to consider amending the final rule promulgated on July 15, 1996, entitled "Procedures, Interpretations and Policies for Consideration of New or Revised Energy Conservation Standards for Consumer Products," codified at Appendix A to Subpart C of Part 430, Title 10, Code of Federal Regulations.

---

[1]  DOE's authority to issue a direct final rule arises under 42 U.S.C. 6295(p)(4).